EDWARD L. BASS and NORMA KAYE BASS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bass v. Commissioner
Docket No. 2481-87.
United States Tax Court
T.C. Memo 1988-591; 1988 Tax Ct. Memo LEXIS 620; 56 T.C.M. (CCH) 975; T.C.M. (RIA) 88591; December 28, 1988; As amended January 13, 1989 Edward L. Bass and Norma Kaye Bass, pro se. Jeri L. Gartside, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: This case is currently before the Court on respondent's motion *621 to dismiss for lack of jurisdiction upon the ground that petitioners did not file their petition with this Court within the time prescribed by sections 6213(a) and 7502. [1]
Respondent dated and mailed the statutory notice of deficiency in this case to petitioners' last known address in Corona Del Mar, California on October 22, 1986. Petitioners mailed their petition to this Court and a copy of the petition to respondent by first class mail, bearing U.S. Postal Service postmarks dated January 21, 1987, which is 91 days after the notice of deficiency was mailed. The petition was received by this Court on January 27, 1987. On September 29, 1988, respondent filed the instant motion to dismiss for lack of jurisdiction. On October 4, 1988, the Clerk of this Court mailed notice of respondent's motion to petitioners' last known address in Corona Del Mar, California. The notice stated that if there was an objection, petitioners must file a notice of objection with this Court on or before *622 November 3, 1988. The notice was not delivered and was returned with a label attached to the envelope by the U.S. Postal Service specifying a forwarding address within Corona Del Mar. This Court ordered on November 1, 1988 that the deadline for petitioners' objection be extended to December 1, 1988, and petitioners' address was changed in the Court's records to reflect the forwarding address. Notice of respondent's motion was then mailed to petitioners' forwarding address and was not returned. No notice of objection has been received from petitioners by this Court. We assume by petitioners' failure to object to respondent's motion that they are in agreement. Nonetheless, we consider the issue before us. A petition to this Court must be filed by a taxpayer within 90 days after respondent mails a notice of deficiency, in accordance with section 6212, to the taxpayer at an address inside the United States. Sec. 6213(a); Rule 13(e). The date of the U.S. Postal Service postmark stamped on a petition's envelope is deemed to be the date of filing only if the postmark date falls within the 90-day period prescribed for timely filing. Sec. 7502(a); sec. 301.7502-1(c)(1)(iii)(a), Proced. *623 and Admin. Regs. Otherwise, a petition is deemed filed with this Court on the day it is received. . If a taxpayer fails to file a petition for redetermination within this prescribed 90-day period, then this Court has no jurisdiction over the deficiency and respondent may then assess and begin collection activities. ; sec. 6213(c). The 90-day period for timely filing the petition in this case with the Court expired on Tuesday, January 20, 1987, which date was not a legal holiday in the District of Columbia. Sec. 6213(a); Rule 25. [Text Deleted By Court Emendation]. Since the postmark date of January 21, 1987 was untimely, it does not constitute the petition's filing date. Thus, the petition was filed with this Court when received on January 27, 1987. We therefore lack jurisdiction over this case. To reflect the foregoing, An order will be entered granting respondent's motion to dismiss.
Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code in effect during the years at issue, and all rule references are to this Court's Rules of Practice and Procedure.↩